[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11035
Non-Argument Calendar

_____

D. C. Docket No. 02-23105-CV-JAL

ENRIQUE PATTERSON,
NATIVIDAD TORRES,

Plaintiffs-Appellants,

versus

SALVADOR LEW, in his
individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2005)

Before BLACK,  PRYOR,  and HILL, Circuit Judges.

PER CURIAM:

Under Fed.R.Civ.Proc. 42(a), the district court consolidated the cases of plaintiffs Enrique Patterson and Natividad Torres against Salvador Lew. Each plaintiff alleged that Lew, as director of the Office Of Cuba Broadcasting (OCB), violated their due process rights in violation of 42 U.S.C. § 1983 and the equal protection clause, and raised a further claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation, 91 S.Ct. 1999 (1971).[1]

The district court granted Lew's motion to dismiss or, alternatively, for summary judgment against Torres. It denied a similar motion by Lew against Patterson. Patterson's case proceeded to jury trial. The jury held against Patterson, finding that Lew had not violated his civil rights.

## I.

Both Patterson and Torres are black Cubans. They are both independent contractors with OCB. Patterson handled the production, writing and voicing of a half-hour radio show on Radio Marti. Torres made monthly appearances on "Mesa Redonda," a radio show on Radio Marti.

Both Patterson and Torres claim that Lew racially discriminated against them by hiring white Cubans, similarly situated and less qualified, and paying

---

[1] The government represented Lew as the claims involved acts within his authority as an employee for the government.

2

them more for their services. The government claimed that both lawsuits were barred by qualified immunity.

## II.

In granting the government's motion to dismiss or for summary judgment against Torres, the district court found that she had not offered any evidence that she was effectively replaced by a similarly situated white Cuban. Therefore, as she had not shown an adverse action, the district court held that Torres had failed to establish a prima facie case of discrimination.

In denying the government's motion to dismiss or for summary judgment against Patterson, the district court found that the record was not fully developed as to whether or not Patterson and the white Cuban were similarly situated. Patterson's case proceeded to jury trial.

## III.

On appeal, Torres claims that she presented evidence sufficient to demonstrate the existence of a genuine issue of material fact as to the truth or falsity of Lew's proffered reasons from his disparate treatment of Torres from a white OCB contractor. She claims that she established a prima facie case of disparate racial treatment.

On appeal, Patterson claims that the district court abused its discretion in

3

two evidentiary rulings made during his trial. As to the first, he contends that the district court erred by excluding evidence of Lew's treatment of Torres, the other black contractor, because it was relevant to show Lew's general pattern of racial discrimination. As to the second, Patterson contends that the district court erred in excluding evidence of Patterson's conversations with Rodriguez, Lew's designee, about the compensation of black contractors and the compensation of white contractors.

**IV.**

We have carefully reviewed the grant of Lew's motion to dismiss or, alternatively, for summary judgment against Torres by the district court, including the briefs, record and argument of counsel. Construing the evidence in the light most favorable to Torres, we find no error and affirm the judgment of the district court as to Torres. *See William Penn Life Ins. Co. Of New York v. Sands*, 912 F.3d 1359, 1361 (11th Cir. 1990).

As to Patterson's appeal, we have also carefully reviewed the record, the briefs and the argument of counsel. We conclude that the district court did not abuse its discretion as to two evidentiary rulings made during Patterson's trial and that the jury verdict should be upheld.

**AFFIRMED as to Torres; AFFIRMED as to Patterson.**

4